IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS A. HIRANO, | ) Civ. No. 06-00010 ACK/BMK; |
| | ) Cr.  No. 99-00465 ACK |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

<u>ORDER ISSUING CERTIFICATE OF APPEALABILITY</u>

On May 12, 2006, this Court issued an Order Denying Douglas Hirano's Motion to Vacate, Set Aside, or Correct a Sentence made pursuant to 28 U.S.C. § 2255 ("May 12 Order"). Hirano ("Petitioner") now seeks to appeal to the United States Court of Appeals for the Ninth Circuit the May 12 Order denying his motion.

On April 26, 2001, Petitioner pled guilty, without a plea agreement, to (1) knowingly and intentionally manufacturing 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (2) knowingly and intentionally possessing with the intent to distribute 50 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (3) knowingly and intentionally possessing with the intent to distribute 5 or more grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1)

1

and 841(b)(1)(B); (4) knowingly and intentionally possessing with
the intent to distribute cocaine in violation of 21 U.S.C. §§
841(a)(1) and 841(b)(1)(C); (5) knowingly and intentionally
possessing methamphetamine in violation of 21 U.S.C. § 844(a);
and (6) knowingly possessing ammunition, having been previously
convicted of crimes punishable by imprisonment for a term
exceeding one year, in violation of 18 U.S.C. §§ 922(g) and
924(e)(1).  The Court sentenced Petitioner to a term of
imprisonment of 262 months on February 24, 2003.

        Petitioner did not appeal his sentence, but filed a
motion to vacate, set aside, or correct his sentence on January
10, 2006.  Petitioner argued that he was improperly sentenced
based on the holdings in three recent United States Supreme Court
cases: Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254
(2005); United States v. Booker, 543 U.S. 220, 125 S. Ct. 738
(2005); and Dodd v. United States, 125 S. Ct. 2478, 162 L. Ed. 2d
343 (2005).

        In the May 12 Order, the Court denied Petitioner's
motion as untimely, concluding that the one-year period of
limitation for his Section 2255 petitions ran from the date on
which the judgment of conviction became final in accordance with
28 U.S.C. § 2255 ¶ 6(1).  Petitioner filed his Section 2255
motion more than one year after his judgment of conviction became
final.  The Court alternatively denied Petitioner's motion on the

2

merits.   The Court held that considering his prior convictions was appropriate; the elements of the burglary convictions were sufficient to support a finding that Petitioner was a "career offender" and an "armed career criminal"; the Court did not have to consider evidence from police reports to make determinations about Petitioner's sentence; and the appropriate offense level was applied by the Court.

In response, Petitioner filed a Notice of Appeal with this Court on June 13, 2006.   Petitioner has not filed any supporting documents to the Notice of Appeal, nor has he filed any documents with the Ninth Circuit at this time.   "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken" from a final order in a Section 2255 proceeding.   See 28 U.S.C. § 2253(c)(1)(B).   To obtain a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).   Petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

When the district court has rejected the constitutional claims on the merits, the showing required to obtain a

certificate of appealability is as follows: the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When the district court has rejected the constitutional claims on procedural grounds without reaching the underlying constitutional claims, the showing required to obtain a certificate of appealability is slightly different: the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

First, Petitioner appeals the Court's procedural decision that his Section 2255 motion was time-barred pursuant to 28 U.S.C. § 2255 ¶ 6. See May 12 Order at 16. Second, Petitioner appeals the Court's holding that it did not improperly rely on his prior convictions and evidence from police reports in determining his sentence. Id. at 21-22. Finally, Petitioner appeals the Court's ruling that it did not enhance his sentence based on judge found facts relating to the quantity of narcotics involved in his crimes. Id. at 24-25.

The Court finds that on the procedural issue outlined above, jurists of reason could find it debatable whether Petitioner states valid claims of the denial of constitutional

4

rights and jurists of reason could find it debatable whether this Court was correct in its procedural rulings.  See Slack, 529 U.S. at 484.  On the remainder of the issues outlined above, which were decided on the merits, the Court finds that reasonable jurists could find this Court's assessment of the constitutional claims debatable or wrong.  Id.  Accordingly, the Court issues a certificate of appealability to permit Petitioner to appeal the three issues outlined above.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 19, 2006.

Alan C. Kay
Sr. United States District Judge