IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                    )
DOUGLAS AKIRA HIRANO,               )
                                    )
                Petitioner,         )
v.                                  ) Civ. No. 16-00686 ACK-KJM;
                                    ) Cr.  No. 99-00465 ACK
UNITED STATES OF AMERICA,           )
                                    )
                Respondent.         )
_____ )

## ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE

        For the reasons set forth below, the Court hereby
DENIES Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set
Aside, or Correct a Sentence by a Person in Federal Custody, ECF
No. 88.

### PROCEDURAL BACKGROUND

        On April 26, 2001, Douglas Akira Hirano ("Petitioner")
pled guilty, without a plea agreement, to all six counts of an
Indictment returned by a federal grand jury on September 23,
1999.  ECF Nos. 9, 49.  The six counts in the Indictment were:

    (1)  knowingly and intentionally manufacturing 50
         grams or more of methamphetamine in violation of
         21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);

    (2)  knowingly and intentionally possessing with the
         intent to distribute 50 or more grams of
         methamphetamine in violation of 21 U.S.C. §§
         841(a)(1) and 841(b)(1)(A);

    (3)  knowingly and intentionally possessing with the
         intent to distribute 5 or more grams of a mixture

1

or substance containing cocaine base in violation
of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B);

(4) knowingly and intentionally possessing with the
intent to distribute cocaine in violation of 21
U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

(5) knowingly and intentionally possessing
methamphetamine in violation of 21 U.S.C. §
844(a); and

(6) knowingly possessing ammunition, having been
previously convicted of crimes punishable by
imprisonment for a term exceeding one year, in
violation of 18 U.S.C. §§ 922(g) and 924(e)(1).

See Indictment, ECF No. 9. On February 24, 2003, this Court

sentenced Petitioner to 262 months as to each of Counts 1, 2, 3,

4, and 6; and 24 months as to Count 5, with all terms to run

concurrently. Judgment in a Criminal Case, ECF No. 69.

On January 10, 2006, Petitioner filed a petition to

vacate, set aside, or correct his sentence under 28 U.S.C. §

2255. ECF No. 73. The Court denied his petition on May 15,

2006. ECF No. 76. Petitioner appealed, and the Ninth Circuit

affirmed this Court's denial on September 23, 2008. ECF No. 82.

On June 6, 2016, Petitioner filed an application for

leave to file a second or successive petition under 28 U.S.C. §

2255. ECF No. 88. The Ninth Circuit granted Petitioner's

application on January 25, 2017 and ordered that the instant

motion be deemed filed on June 6, 2016. ECF No. 87. On

February 7, 2017, this Court stayed Petitioner's motion pending

the Supreme Court's decision in Beckles v. United States, No.

2

15-8544.  ECF No. 92.  The Supreme Court decided <u>Beckles</u> on

March 6, 2017.  137 S. Ct. 886 (2017).  Pursuant to this Court's

order, ECF No. 94, Petitioner filed a supplemental memorandum in

support of his motion on March 29, 2017.  ECF No. 95 ("Supp.

Mem.").  The government filed its Response on May 9, 2017.  ECF

No. 100 ("Response").  Petitioner filed his Reply on May 12,

2017.  ECF No. 101 ("Reply").

## FACTUAL BACKGROUND

The Court incorporates the factual background of its

previous order denying Petitioner's first motion under 28 U.S.C.

§ 2255.  <u>See</u> <u>Hirano v. United States</u>, Civ. No. 06-00010 ACK/BMK,

Cr. No. 99-00465 ACK, 2006 WL 1343658, at *1-2 (D. Haw. May 15,

2006), <u>aff'd</u>, 294 F. App'x 313 (9th Cir. 2008).

## SENTENCING

The Court sentenced Petitioner in accordance with the

Presentence Investigation Report and United States Sentencing

Guidelines ("U.S.S.G.").  <u>Hirano</u>, 2006 WL 1343658, at *1-2.[1]

Pursuant to U.S.S.G. § 1B1.11(b)(1), the Court sentenced him in

compliance with the Sentencing Guidelines in effect at the time

the offenses occurred in 1999, which guidelines were mandatory.

<u>See</u> <u>id.</u> at *2; <u>United States v. Booker</u>, 543 U.S. 220, 245 (2005)

(rendering previously mandatory sentencing guidelines advisory).

---

[1] The Court incorporates the sentencing discussion from its prior
order here.  <u>See</u> <u>Hirano</u>, 2006 WL 1343658, at *2-3.

For purposes of calculating the base offense levels
for each of Petitioner's counts, the Court grouped Count 1 with
Count 2, and then grouped Count 2 with Counts 3 and 4. Hirano,
2006 WL 1343658, at *2. The base offense level for these counts
was 34. Id. The Court then determined the base offense level
for Count 5 to be 6. Id. at *3. Finally, the Court determined
that the base offense level for Count 6 was 24 as Petitioner had
prior felony convictions for crimes of violence. Id.

The Court then calculated Petitioner's multiple count
adjusted offense level pursuant to U.S.S.G. § 3D1.4. The
highest base offense level was 34, for the group containing
Counts 1-4. As the base offense levels for Count 5 and Count 6
were nine or more levels less serious, each was disregarded. As
such, Petitioner's adjusted offense level remained at 34, based
on Counts 1-4. See id.

The Court then turned to whether there were any
applicable enhancements. First, the Court determined that
Petitioner was a career offender within the meaning of U.S.S.G.
§ 4B1.1 as he had at least two prior felony convictions for
crimes of violence. As such, the Court increased his offense
level to 37. Id.

Next, the Court separately determined that Petitioner
was also an armed career criminal within the meaning of U.S.S.G.
§ 4B1.4(a), as Count 6 involved a violation of 18 U.S.C. §

4

922(g) and Petitioner had been previously convicted of at least

three violent felonies committed on separate occasions.  See 18

U.S.C. § 924(e).  The offense level for an armed career criminal

is the greatest of:

> (1)  the offense level applicable from Chapters Two and
>      Three;
>
> (2)  the offense level from U.S.S.G. § 4B1.1 (career
>      offender); or
>
> (3)  34, if the defendant used or possessed the
>      firearm or ammunition in connection with a crime
>      of violence or a controlled substance offense, or
>      if the firearm possessed by the defendant was of
>      a type described in 26 U.S.C. § 5845(a), or 33
>      otherwise.

U.S.S.G. § 4B1.4(b).  As the greatest offense level was provided

by U.S.S.G. § 4B1.1, the Court did not make any additional

enhancement based on its conclusion that Petitioner was an armed

career criminal.  See Hirano, 2006 WL 1343658, at *3.

    Finally, the Court adjusted Petitioner's offense level

downward 3 points based on his acceptance of responsibility and

for assisting authorities, resulting in a final offense level of

34.  See id.  The Court then calculated Petitioner's criminal

history category.  Id.  Although Petitioner's total criminal

history points of 11 established a criminal history category of

V, the criminal history category for a career offender in every

case is category VI pursuant to U.S.S.G. § 4B1.1.  Id.

According to the Sentencing Table, the appropriate sentence for

an offender at an offense level of 34 with a category VI criminal history was 262-327 months. The Court sentenced Petitioner to 262 months, which this Court has previously noted was "the minimum sentence permissible under the Guidelines that were in effect in September 1999." Id.

## STANDARD

Pursuant to § 2255, a court must vacate and set aside a judgment and discharge the prisoner, or resentence the prisoner, or grant a new trial, or correct the sentence, if the court finds any one of the following: the judgment was rendered without jurisdiction; the sentence imposed was not authorized by law or otherwise open to collateral attack; or there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255.

A court shall hold an evidentiary hearing on a motion under § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "A court may entertain and determine such [a] motion without requiring the production of the prisoner at the hearing." Id. § 2255(c). In short,

> [t]he standard essentially is whether the
> movant has made specific factual allegations
> that, if true, state a claim on which relief
> could be granted. A hearing must be granted
> unless the movant's allegations, when viewed

6

> against the record, do not state a claim for
> relief or are so palpably incredible or
> patently frivolous as to warrant summary
> dismissal.

United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)

(citations omitted); Shah v. United States, 878 F.2d 1156, 1158

(9th Cir. 1989) (similar).

The Ninth Circuit recognizes that even when

credibility is at issue, no evidentiary hearing is required if

it can be "conclusively decided on the basis of documentary

testimony and evidence in the record." Shah, 878 F.2d at 1159

(quoting United States v. Espinoza, 866 F.2d 1067, 1069 (9th

Cir. 1989)). In addition, judges may use discovery, documentary

evidence, and their own notes and recollections of the plea

hearing and sentencing process to supplement the record. Id.

"Judges may also use common sense." Id. The choice of method

for handling a § 2255 motion is left to the discretion of the

district court. See id. (citing Watts v. United States, 841

F.2d 275, 277 (9th Cir. 1988)).

As discussed below, the Court finds that Petitioner's

arguments lack merit. Because the record conclusively shows

that Petitioner is not entitled to relief, a hearing is not

warranted in this case.

## DISCUSSION

Although the Ninth Circuit granted Petitioner leave to
file the instant petition, this Court is required to make its
own determination regarding whether he has satisfied the
statutory requirements.  See Cooper v. Brown, 510 F.3d 870, 917-
18 (9th Cir. 2007) (a petitioner is only required to make a
prima facie case to obtain authorization from the Ninth Circuit,
which does not satisfy his burden to actually show his petition
satisfies the statutory requirements); United States v. Villa-
Gonzalez, 208 F.3d 1160, 1165 (9th Cir. 2000) (per curiam)
(concluding that "a district court must conduct a thorough
review of all allegations and evidence presented by the prisoner
to determine whether the motion meets the statutory requirements
for the filing of a second or successive motion.").

In order to satisfy the requirements of a second or
successive petition here, Petitioner must show that his "claim
relies on a new rule of constitutional law, made retroactive to
cases on collateral review by the Supreme Court, that was
previously unavailable."  28 U.S.C. § 2244(b)(2)(A); see also
id. § 2244(b)(4) (mandating that a district court dismiss any
claim presented in a second or successive petition unless it
satisfies the requirements of this section).

In addition, Petitioner's motion is subject to a one-
year limitations period, which runs from the latest of four

possible dates.  28 U.S.C. § 2255(f).  The only relevant date
which might render Petitioner's claim timely here is the date
the Supreme Court initially recognized the right that he claims
provides him relief, which right must have been newly recognized
by the Supreme Court and made retroactively applicable to cases
on collateral review.  Id. § 2255(f)(3).

## I.    **Background**

Petitioner asserts that the Supreme Court's decision
in Johnson v. United States, 135 S. Ct. 2551 (2015) renders his
sentence unconstitutional.  In Johnson, the Supreme Court held
that the residual clause of the violent felony definition in the
Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. §
924(e)(1), is unconstitutionally vague and therefore sentences
imposed under the residual clause are void.  See 135 S. Ct. at
2557-58.  A "violent felony" includes "any crime punishable by
imprisonment for a term exceeding one year...that is burglary,
arson, or extortion, involves use of explosives, or otherwise
involves conduct that presents a serious potential risk of
physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The
first clause covering "burglary, arson, or extortion, or
involves use of explosives," is known as the enumerated offense
clause.  See United States v. Costa, No. 16-CV-00127 HG-RLP,
2016 WL 1555676, at *1 (D. Haw. Apr. 15, 2016).  The second
clause, beginning with "otherwise involves conduct..." is known

9

as the residual clause.  Id.  The Supreme Court has found Johnson to be retroactively applicable to cases on collateral review.  Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

The Supreme Court recently addressed in Beckles whether the residual clause of the definition of a crime of violence in the Sentencing Guidelines, which is textually identical to the residual clause of the ACCA's violent felony definition, is subject to vagueness challenges.  137 S. Ct. at 890-92.  In its decision, the Supreme Court held that "the *advisory* Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine."  Id. at 896 (emphasis added).  As Petitioner here was sentenced under the mandatory Sentencing Guidelines, the holding in Beckles regarding the advisory guidelines does not directly control Petitioner's motion.

## II.  **Analysis**

Petitioner argues that his sentence is unconstitutional since his prior burglary offenses did not qualify under the enumerated offense clause and could only have counted under the unconstitutionally vague residual clause.  See Supp. Mem. at 3.  Petitioner challenges both: (1) his ACCA sentence enhancement under § 924(e)(1), contained in Count 6; and (2) his overall sentence imposed because his prior burglary offenses counted as violent felonies and crimes of violence

under the residual clauses of both the ACCA and the career offender guidelines, which rendered him an armed career criminal and career offender.  Reply at 3-8.

## A. Petitioner's Count 6 ACCA Enhancement

Petitioner asserts that he has raised a "pure" Johnson claim as to the ACCA sentence enhancement in Count 6, since a violation of § 924(e)(1) requires both a violation of § 922(g) and three prior convictions for violent felonies.  See Reply at 4; 18 U.S.C. § 924(e)(1).  However, before the Court can address the merits of this claim, it must first resolve whether the government's affirmative defense of procedural default bars Petitioner's claim regardless.  See Opp. at 10 n.2; Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005) ("Procedural default is an affirmative defense....").

"A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003).  As Petitioner did not raise on direct review the issue of whether his burglary convictions could constitutionally serve as ACCA predicate violent felonies, he must demonstrate either cause and prejudice or actual innocence in order to avoid procedural default.  See United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007) (burden is on the petitioner to demonstrate

excuse for default).  Although Petitioner has made no argument
on reply regarding either cause and prejudice or actual
innocence, the Court will nevertheless assess whether either
provides Petitioner an excuse for his default.

The Court turns first to cause and prejudice.  In
order to show cause a petitioner "must ordinarily...show that
some objective factor external to the defense impeded counsel's
efforts to comply with...the procedural rule." Murray v.
Carrier, 477 U.S. 478, 488 (1986).  A petitioner has sufficient
cause "where a constitutional claim is so novel that its legal
basis [was] not reasonably available to counsel." Reed v. Ross,
468 U.S. 1, 16 (1984).

Prior to Johnson, the Ninth Circuit had recognized
that "Supreme Court and Ninth Circuit precedent foreclose"
arguments "that the ACCA's residual clause is unconstitutionally
vague." United States v. Martinez, 771 F.3d 672, 678 (9th Cir.
2014) (citing James v. United States, 550 U.S. 192, 210 n.6
(2007) and United States v. Spencer, 724 F.3d 1133, 1145-46 (9th
Cir. 2013)) (vacated in light of Johnson).  Johnson then
explicitly overruled two Supreme Court cases holding that the
residual clause of the ACCA was constitutional, including the
case on which the Ninth Circuit precedent was based.  See
Johnson, 135 S. Ct. at 2562-63 (overruling James, 550 U.S. 192
(2007) and Sykes v. United States, 564 U.S. 1, 16 (2011)).

Johnson was therefore a "break with the past." See Reed, 468
U.S. at 17 (cause may be found where there is "a new
constitutional rule, representing a clear break with the past")
(internal citation omitted). Thus, as numerous other district
courts have similarly determined, this Court concludes that
Petitioner has cause for failing to raise his Johnson argument
on direct appeal. See, e.g., United States v. Savage, --- F.
Supp. 3d ----, CV 16-03864, 2017 WL 130008, at *13 (C.D. Cal.
Jan. 12, 2017); United States v. Kennedy, 218 F. Supp. 3d 1104,
1109 (E.D. Cal. 2016); Saenz v. United States, Civ. No. 16-00355
SOM-KSC, 2016 WL 6275157, at *3-4 (D. Haw. Oct. 26, 2016);
Espinoza v. United States, CV-16-4014, 2016 WL 5661546, at *2
(C.D. Cal. Sept. 21, 2016).

        In order to show prejudice, a petitioner must show not
merely "'a *possibility* of prejudice'" but rather that the error
"'worked to his *actual* and substantial disadvantage....'"
Braswell, 501 F.3d at 1150 (quoting United States v. Frady, 456
U.S. 152, 170 (1982)) (emphasis in original). Here, Petitioner
would still have been subject to a 262-month sentence on Counts
1-4, even if there was error as to Count 6. As shown in the
Court's sentencing discussion above, Count 6 was disregarded in
calculating Petitioner's multiple count adjusted offense level.
Petitioner's status as an armed career criminal also did not
affect Petitioner's total offense level of 37 as determined

13

under the Sentencing Guidelines and the career offender provisions. Nor did the ACCA's extension of the mandatory minimum sentence for Count 6 from 10 to 15 years matter, given that Counts 1 and 2 carried mandatory minimum sentences of 20 years. Moreover, since the 262-month sentence was the lowest the Court was permitted to give based on the offense level under the mandatory Sentencing Guidelines applicable at that time, the Court would not have been able to issue a lower sentence.

Because he would still have been subject to a 262-month sentence as to Counts 1-4 regardless of any error in Count 6, Petitioner cannot establish actual prejudice that worked to his substantial disadvantage. See United States v. Nelson, 177 F. Supp. 2d 1181, 1186 (D. Kan. 2001) (concluding defendant had not established prejudice because his "terms of imprisonment and supervised release would be identical if the Court applied Apprendi to his sentence"); Ellis v. United States, No. 6:06-CR-00037, 2011 WL 7163114, at *9 (S.D.W. Va. Jan. 4, 2011), report and recommendation adopted, No. 6:06-CR-00037-1, 2012 WL 386738 (S.D.W. Va. Feb. 6, 2012) (finding no actual prejudice where "Defendant's sentence on the remaining fourteen counts of conviction would not change by one day" even if the two challenged counts were dismissed). Thus, despite having cause, Petitioner's lack of prejudice prevents the Court from excusing his default.

The Court also finds that Petitioner cannot establish actual innocence. "To make a claim of actual innocence, a petitioner must show that he is factually innocent, not merely that his conviction was legally insufficient." Jones v. McGrew, No. CV 13-05328-DDP DFM, 2014 WL 2002245, at *4 (C.D. Cal. May 15, 2014) (citing Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012)). There does not appear to be any basis here for finding that Petitioner factually did not commit the underlying burglaries. Rather, Petitioner has only argued that his underlying burglary convictions cannot be categorized as ACCA violent felonies.

However, "[a] claim that a predicate offense should not be classified as a violent felony is a legal challenge to the manner in which a sentence was calculated, not a factual showing that the petitioner did not commit the underlying offense." Id. Petitioner's argument is therefore only a challenge to his legal innocence and as such does not show actual innocence excusing his default. See, e.g., Hill v. United States, 569 F. App'x 646, 648 (11th Cir. 2014) (affirming district court's finding of procedural default where petitioner only argued he was legally innocent of a violent felony not factually innocent of the predicate crime itself); United States v. Pettiford, 612 F.3d 270, 284-85 (4th Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions

15

only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); Damon v. United States, 732 F.3d 1, 5–6 (1st Cir. 2013) (finding procedural default where petitioner only contested categorization of prior conviction as a crime of violence, not factual innocence of the underlying crime).  But see United States v. Avery, No. 3:02-CR-113-LRH-VPC, 2017 WL 29667, at *5 (D. Nev. Jan. 3, 2017) (noting that the Ninth Circuit has declined to determine whether a petitioner may be actually innocent of a noncapital sentence and finding petitioner actually innocent where robbery convictions did not qualify as ACCA predicates); Murray v. United States, 15-CV-5720, 96-CR-5367, 2015 WL 7313882, at *4 (W.D. Wash. Nov. 19, 2015) (finding actual innocence where petitioner's burglary convictions did not qualify as ACCA predicates).

Because Petitioner has not established an excuse for his procedural default, his claim as to Count 6 is procedurally barred.  Accordingly, the Court must DENY Petitioner's § 2255 claim as to Count 6.

### B. Sentence Enhancements Pursuant to Petitioner's Armed Career Criminal and Career Offender Designations

Petitioner also argues that Johnson provides relief as to the sentence enhancements he received as both an armed career criminal and a career offender.  As discussed above, Petitioner

cannot obtain the relief he seeks simply by attacking his armed career criminal designation alone, as such status did not affect his offense level or increase his sentence. See supra at 13-14. As such he cannot overcome the procedural default bar without also challenging the other parts of his sentence.

In apparent recognition of this issue, Petitioner attempts to argue that his unconstitutional armed career criminal designation "holistically skewed" and "tainted" his overall sentence. See Supp. Mem. at 4. However, this assertion lacks merit. As this Court has previously recognized, Petitioner was sentenced to the minimum number of months permissible under the mandatory Sentencing Guidelines in effect in September 1999. Hirano, 2006 WL 1343658, at *3. Petitioner does not offer any authority to suggest that this Court could have given him any lower sentence, even in the absence of his armed career criminal designation. The Presentence Investigation Report and the sentence the Court imposed plainly show that the armed career criminal designation did not impact, much less "holistically skew" Petitioner's sentence.

Finally, Petitioner suggests that this Court can simply apply Johnson to find his career offender designation unconstitutional because the residual clause under the Sentencing Guidelines for crimes of violence is textually identical to the residual clause under the ACCA for violent

felonies. Reply at 5. Although the Supreme Court's holding in
Beckles does not bar his claim, the Court is not persuaded by
Petitioner's argument that his claim requires only a simple
application, rather than an extension, of Johnson.

Petitioner contends that since the Supreme Court's
opinion in Beckles turned on the advisory nature of the
guidelines, and both the applicable Sentencing Guidelines and
the ACCA were mandatory sentencing regimes, the residual clause
in the Sentencing Guidelines is unconstitutional under Johnson.
Supp. Mem. at 5. However, as Justice Sotomayor explicitly noted
in her separate opinion concurring in the judgment, the Supreme
Court in Beckles left open the question of whether petitioners
whose sentences were imposed before Booker under the mandatory
Sentencing Guidelines could raise vagueness challenges.
Beckles, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in the
judgment) ("The Court's adherence to the formalistic distinction
between mandatory and advisory rules at least leaves open the
question" of whether pre-Booker sentences were open to vagueness
challenges and "[t]hat question is not presented by this case
and I, like the majority, take no position on its appropriate
resolution."). Nor does there appear to be any support in the
Beckles decision itself to suggest that the Supreme Court
believes that Johnson dictates that the residual clause of the
mandatory guidelines is void for vagueness. Petitioner's claim

is thus not a mere application of Johnson but rather requires a new rule extending Johnson.

Moreover, where a rule is "not in fact 'apparent to all reasonable jurists" it constitutes a "'new rule.'" See United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005) ("Given the dissenting opinions in Booker and the previous cases, it is apparent that the rule was not in fact 'apparent to all reasonable jurists,' and thus, under the Supreme Court's definition, it was in fact a 'new rule.'") (quoting Beard v. Banks, 542 U.S. 406, 413 (2004)). Multiple district courts have already recognized that vacating sentences issued under the residual clause of the mandatory guidelines would require "'the post-conviction court [to] announce a second new rule that extends Johnson to the [mandatory] sentencing guidelines.'" United States v. Russo, No. 8:03CR413, 2017 WL 1533380, at *3 (D. Neb. Apr. 27, 2017) (quoting Donnell v. United States, 826 F.3d 1014, 1016 (8th Cir. 2016), which denied a § 2255 motion requiring an extension of Johnson to the advisory guidelines) (alteration in Russo); see also Hodges v. United States, Case No. C 16-15621JLR, 2017 WL 1652967, at *3 (W.D. Wash. May 2, 2017) (denying § 2255 motion for career offender sentence given pursuant to the mandatory guidelines). These holdings show that the rule Petitioner seeks is not in fact apparent to all

reasonable jurists, and as such further reinforce this Court's conclusion that Petitioner's claim requires a new rule.

However, in order to obtain relief under § 2255, recognition of the new rule on which a claim relies must come from the Supreme Court; it cannot come from this Court. See 28 U.S.C. § 2244(b)(2)(A) (claim must rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). This is fatal to Petitioner's claim here because while "the Supreme Court may still decide that the Guidelines as they were applied prior to Booker are subject to a vagueness challenge based on the Court's analysis in Johnson," it has not done so yet. See Hodges, 2017 WL 1652967, at *3. Accordingly, this Court must DENY Petitioner's claim regarding his overall sentence. See id. § 2244(b)(4). However, should the Supreme Court take up the question of whether the residual clause of the mandatory Sentencing Guidelines is subject to a vagueness challenge in the future, Petitioner may be able to obtain collateral relief at that time.

Petitioner's motion as to his overall sentence is also time-barred for the same reason at this time. Section 2255(f)(3) requires that "[t]he initial recognition of the new rule must come from the Supreme Court, *not from this court*." United States v. Mason, 2016 WL 6803098, at *4 (E.D. Wash. Nov.

16, 2016) (refusing to extend *Johnson* to the advisory Sentencing Guidelines absent new rule from the Supreme Court and denying § 2255 relief to career offender) (emphasis in original); see also 28 U.S.C. § 2255(f)(3) (the one-year period runs from "date on which the right asserted was initially *recognized by the Supreme Court*") (emphasis added); Dodd v. United States 545 U.S. 353, 357-58 (2005) (right asserted by the applicant must be initially recognized by the Supreme Court). The Court thus does not need to reach the parties' arguments about whether the mandatory Sentencing Guidelines are subject to a vagueness challenge. See Response at 14-20; Reply at 6-13.

## C. Request to Construe Motion Under Rule 60(b)

Finally, Petitioner asks that if relief cannot be granted on the instant § 2255 motion the Court construe his motion as a reopening of his prior § 2255 motion, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). See Reply at 13-14. However, if the substance of a motion makes a "claim" constituting a § 2255 motion, then it should be treated as a second or successive petition, even if it is labeled as a Rule 60(b) motion. See United States v. Motta, Cr. No. 06-00080 SOM, 2016 WL 4179333, at *3 (D. Haw. Aug. 4, 2016) (citing United States v. Washington, 653 F.3d 1057, 1060 (9th Cir. 2011)). A motion brings such a "claim" when it "attacks the federal court's previous resolution of a claim *on the merits*" since

21

allegations that the court erred in denying relief is

"effectively indistinguishable" from alleging relief under the

substantive provisions.  <u>Gonzalez v. Crosby</u>, 545 U.S. 524-25,

532 (2005) (emphasis in original).  Here, Petitioner's motion

attacks the merits of the court's prior determination that his

prior burglary convictions counted as crimes of violence and

violent felonies.  As such, it constitutes a successive

petition, and the Court declines to treat it as a motion under

Rule 60(b).[2]

### CONCLUSION

For the foregoing reasons, the Court DENIES

Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

by a Person in Federal Custody.

---

[2] In addition, even if the Court were to consider the motion
under Rule 60(b)(1) or 60(b)(6), <u>see</u> Reply at 13, Petitioner has
failed to meet the timeliness requirements of Rule 60(c)(1),
given that ten years have passed since the Court denied
Petitioner's first § 2255 motion.  <u>See</u> <u>McKinney v. Boyle</u>, 447
F.2d 1091, 1093 (9th Cir. 1971) (finding four and a half year
delay not reasonable); <u>United States v. Hernandez</u>, No. CIV. 10-
00674 SOM, 2013 WL 3354554, at *3 (D. Haw. July 3, 2013)
(finding delay not reasonable where Rule 60 motion was filed
five years after sentence imposed, 34 months after denial of §
2255 motion, and more than a year after Ninth Circuit declined
to adjudicate appeal of the § 2255 denial).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 20, 2017.



_____
Alan C. Kay
Sr. United States District Judge

<u>Hirano v. United States</u>, Civ. No. 16-00686 ACK-KJM, Cr. No. 99-00465 ACK, Order Denying Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence.