IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

_____
                                   )
**DOUGLAS AKIRA HIRANO,**          )
                                   )
        Petitioner,          )
**v.**                             )
                                   ) Cr. No. 99-00465 ACK
**UNITED STATES OF AMERICA,**      )
                                   )
        Respondent.          )
_____)

**ORDER DENYING HIRANO'S PETITION FOR REDUCTION OF SENTENCE**

For the reasons set forth below, the Court hereby DENIES Petitioner Hirano's Petition for Reduction of Sentence, ECF No. 119.

**PROCEDURAL BACKGROUND**

On April 26, 2001, Douglas Akira Hirano ("Hirano") pled guilty, without a plea agreement, to all six counts of an Indictment returned by a federal grand jury on September 23, 1999.  ECF Nos. 9, 49.  The six counts in the Indictment were:

    (1)  knowingly and intentionally manufacturing 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);

    (2)  knowingly and intentionally possessing with the intent to distribute 50 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);

    (3)  knowingly and intentionally possessing with the intent to distribute 5 or more grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B);

1

> (4) knowingly and intentionally possessing with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);
>
> (5) knowingly and intentionally possessing methamphetamine in violation of 21 U.S.C. § 844(a); and
>
> (6) knowingly possessing ammunition, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1).

See Indictment, ECF No. 9. On February 24, 2003, this Court sentenced Hirano to 262 months as to each of Counts 1, 2, 3, 4, and 6; and 24 months as to Count 5, with all terms to run concurrently. Judgment in a Criminal Case, ECF No. 69.

On January 10, 2006, Hirano filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 73. The Court denied his petition on May 15, 2006. ECF No. 76. Hirano appealed, and the Ninth Circuit affirmed this Court's denial on September 23, 2008. ECF No. 82.

On June 6, 2016, Hirano filed an application for leave to file a second or successive petition under 28 U.S.C. § 2255. ECF No. 88. The Ninth Circuit granted Hirano's application on January 25, 2017. ECF No. 87. On February 7, 2017, this Court stayed Hirano's motion pending the Supreme Court's decision in Beckles v. United States, No. 15-8544. ECF No. 92. After the Supreme Court decided Beckles, Hirano and the government each submitted briefing and on June 20, 2017, this Court denied

2

Hirano's second or successive motion to vacate, set aside, or correct a sentence. ECF Nos. 94-95, 100-02. Hirano appealed, and the Ninth Circuit again affirmed this Court's denial on August 22, 2019. ECF No. 113.

On February 11, 2020, Hirano filed a Petition for Reduction of Sentence, citing 18 U.S.C. § 3582(c)(1)(A)(i) (the "Petition"). ECF No. 119. Pursuant to the Court's direction, the government filed its Response on March 11, 2020. ECF No. 121 ("Response"). Hirano did not file a reply.

## FACTUAL BACKGROUND

The Court incorporates the factual background of its previous order denying Hirano's first motion under 28 U.S.C. § 2255. See Hirano v. United States, Civ. No. 06-00010 ACK/BMK, Cr. No. 99-00465 ACK, 2006 WL 1343658, at *1-2 (D. Haw. May 15, 2006), aff'd, 294 F. App'x 313 (9th Cir. 2008).

## STANDARD

Hirano submitted his Petition for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Previously, only the Bureau of Prisons could move for relief under § 3582(c)(1)(A), but the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), now permits a defendant to move for relief after fully exhausting all administrative remedies.

Under that provision, the court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable," if it finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A). Reduction of a term of imprisonment must be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

The commentary to the policy statement U.S.S.G. § 1B1.13 defines four "extraordinary and compelling reasons." Those are (1) the medical condition of the defendant; (2) the age of the defendant; (3) certain family circumstances requiring the defendant to perform caregiving functions; or (4) other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1. This definition appears in the 2018 version of the commentary on § 1B1.13, when only the Bureau of Prisons could move the court for relief under § 3582(c)(1)(A). The Sentencing Commission has not yet updated the provision or its commentary to reflect the First Step Act's extension now permitting a defendant to move for relief.

Because the Sentencing Commission's guidance has not kept pace with the First Step Act's amendments, courts are

4

divided on whether they may disregard the stated deference to the Director of the Bureau of Prisons in determining what "other reasons" would qualify as extraordinary and compelling. See United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *2 (D. Me. July 11, 2019) (noting the division and collecting cases); see also Response at 5. The Court need not resolve this conflict here because, as discussed below, the Court finds that Hirano's release from prison moots the availability of any relief.

Because the record conclusively shows that Hirano is not entitled to relief, a hearing is not warranted in this case. L.R. 7.1.

**DISCUSSION**

I. **Exhaustion**

As a prerequisite to filing a motion under § 3582(c)(1)(A), Hirano must have either "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Hirano here asserts that he submitted his Petition to the Federal Detention Center in Honolulu prior to his being released on supervised release on December 12, 2019. Petition

at 2, ¶ 1.  Hirano submitted his Petition to the Court on February 11, 2020, and attests that "[a]s of this date, there has been no action regarding the Petition."  Petition at 2, ¶ 2.  The government states that it "has no information about the accuracy of that claim," but acknowledges that, if true, Hirano has sufficiently exhausted his administrative remedies under the statute.  Response at 3.

Based on Hirano's attestations, the Court finds that he has exhausted his administrative remedies for the purposes of § 3582(c)(1)(A).

## II. Term of Imprisonment

The text of § 3582(c)(1)(A) permits a court to "reduce the term of imprisonment."  As Hirano states in his Petition, he was released on supervised release on December 12, 2019.  Petition at 2 ¶ 1.  His imprisonment having ended, the Court can afford no relief.  Hirano frames his Petition as seeking a general "reduction of sentence," but the statute under which he moves only permits the Court to reduce the term of imprisonment.

Courts have diverged on whether a modification in the term of supervised release is permitted where the text of the statute only permits modifying the term of imprisonment.  In an unpublished opinion analyzing a subsequent subsection of the same statute—§ 3582(c)(2)—the Ninth Circuit held that supervised

release was not encompassed by the phrase "term of imprisonment":

> Section 3582(c)(2) allows the district court to reduce the "term of imprisonment" when the defendant was sentenced based upon a sentencing range which has been subsequently lowered. By its plain language, § 3582(c)(2) does not provide for a reduction in the supervised release portion of the sentence. Island's contention that the language "term of imprisonment" includes the term of supervised release lacks merit. Though the term of supervised release is part of the sentence, it is not part of the "term of imprisonment."

United States v. Island, 336 F. App'x 759, 760–61 (9th Cir. 2009) (unpublished). Several district courts have adopted this reasoning. E.g., United States v. Razz, 387 F. Supp. 3d 1397, 1405 (S.D. Fla. 2019) ("Section 3582(c)(1)(B) authorizes a court to 'modify an imposed term of imprisonment . . .' [but] does not authorize a court to modify an imposed term of supervised release." (emphasis in original)); United States v. Guess, 541 F. Supp. 2d 399, 401 (D. Me. 2008) (holding same, because "[t]he phrase 'term of imprisonment' cannot reasonably be read to include a 'term of supervised release'"). But see United States v. Handerhan, 789 F. App'x 924, 926 n.3 (3d Cir. 2019) (unpublished) (holding that a petitioner's release from prison did not moot his appeal of the denial of his motion for reduction of sentence under § 3582(c)(1)(A) because he challenged his term of supervised release); United States v.

Anthony Page, No. 3:08-CR-168 (RNC), 2020 WL 1698671, at *7 (D. Conn. Apr. 8, 2020) (concluding that § 3582(c), regarding the term of imprisonment, and § 3583(e), regarding supervised release, can be read together to permit the court to reduce a term of supervised release, noting that "it does not follow that § [3582](c)(1)(B), by failing to mention terms of supervised release, thereby prohibits a court from modifying them").

The Court agrees with the unpublished Ninth Circuit authority and finds the United States v. Razz decision persuasive. "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. . . . that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992) (citations omitted). The Court here finds that the text of the statute is clear. The legislature could have permitted the reduction of a defendant's entire sentence, including supervised release, but did not. The text of the statute explicitly allows the Court to replace the reduced "term of imprisonment" with a term of supervised release "that does not exceed the unserved potion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The legislature thus made explicit that supervised release was apart from, not

8

included in, the term of imprisonment subject to reduction.[1]
This is further emphasized by the fact that the subsequent
statutory provision, § 3583, governs modification of a term of
supervised release.[2]

Because § 3582(c)(1)(A) permits the Court to reduce
the term of imprisonment, and Hirano is no longer imprisoned,
his request for relief is moot. Foster v. Carson, 347 F.3d 742,
745 (9th Cir. 2003) ("If there is no longer a possibility that
an appellant can obtain relief for his claim, that claim
is moot and must be dismissed for lack of jurisdiction."
(quoting Ruvalcaba v. City of L.A., 167 F.3d 514, 521 (9th Cir.
1999))).

## CONCLUSION

For the foregoing reasons, the Court DENIES Hirano's
Motion for Reduction of Sentence as moot.

---

[1] Notably, the United States Code provides that "[a] prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment" and "[t]he term of supervised release commences on the day the person is released from imprisonment." 18 U.S.C. § 3624(a), (e).

[2] The Court may terminate a term of supervised release under 18 U.S.C. § 3583(e)(1), but only "after the expiration of one year of supervised release." Hirano did not move under this statute, but it would not help him regardless because he was released on supervised release on December 12, 2019.

9

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 13, 2020.



_____
Alan C. Kay
Sr. United States District Judge

Hirano v. United States, Cr. No. 99-00465 ACK, Order Denying Hirano's Petition for Reduction of Sentence.