IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 99-00465 JAO |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| DOUGLAS AKIRA HIRANO, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE**

Defendant Douglas Akira Hirano, who is currently serving an eight-month term for supervised release violations, *see* ECF No. 256, seeks compassionate release, arguing primarily that: (1) the original term of supervised release imposed is too long in light of the recent statutory changes outlined in the First Step Act ("FSA"); and (2) he should be released early to care for his 75-year-old aunt. ECF No. 259 ("Motion for Compassionate Release" or "Motion"). For the following reasons, the Motion is DENIED.

I.   BACKGROUND

On September 23, 1999, the Grand Jury returned an Indictment, charging Defendant with:  Count 1 — manufacturing 50 grams or more of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); Count 2 — possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); Count 3 — possession with intent to distribute five grams or more of a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); Count 4 — possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count 5 — possession of methamphetamine, in violation of 21 U.S.C. § 844(a); and Count 6 — felon in possession of ammunition, in violation of Title 18 U.S.C. §§ 922(g) and 924(e)(1).  ECF No. 9.  The Government filed a Special Information, alleging a Prior Drug Conviction pursuant to 21 U.S.C. § 851.  ECF No. 11.

On April 26, 2001, Defendant entered a plea of guilty to all counts of the Indictment.  *See* ECF No. 49.  On February 28, 2003, the Court sentenced Defendant to a term of 262 months on each count except for Count 5, and 24 months on Count 5, all terms to be served concurrently.  ECF No. 69.  Defendant thereafter engaged in post-sentencing litigation, including Section 2255 motions, appeals, and a motion for sentence reduction, but in each instance his sentence was affirmed and the motion for sentence reduction denied.  *See* ECF Nos. 76, 82, 102, 115, 122.

Defendant commenced supervision on December 12, 2019.  ECF No. 118 at 1.  On June 5, 2020, a warrant issued for his arrest, for alleged violations of his

conditions of supervised release.  ECF No. 124.  On August 14, 2020, after Defendant admitted several of the alleged violations, the Court ordered him to report to the Sand Island residential treatment program.  ECF No. 133.  Ten days later, the Court issued another warrant for Defendant, related to his violation of conditions.  ECF No. 136.  Defendant again admitted several of the violations, and the Court ordered him to serve a term of eight months in custody, followed by 52 months of supervised release.  ECF Nos. 155, 156.  Defendant appealed that disposition.  ECF No. 157.  He also sought reconsideration of the term imposed, which the Court denied because it lacked jurisdiction upon the filing of the appeal.  ECF Nos. 169, 175.

On April 23, 2021, and while the appeal was pending, Defendant completed his term of incarceration, and another warrant issued for his arrest for supervised release violations.  ECF Nos. 186, 187.  Defendant admitted those violations at a hearing on May 18, 2021.  ECF No. 198.  The Court held the violations in abeyance, pending information regarding Defendant's participation in the Hina Mauka in-patient drug treatment facility.  ECF Nos. 198, 211.  In the interim, on August 30, 2021, the U.S. Probation Office filed a Second Amended Request for Course of Action.  ECF No. 214.  Defendant admitted the violation detailed in that request.  ECF No. 220.  The Court again held the violations in abeyance pending Defendant's participation in Hina Mauka.  *Id.*

On November 17, 2021, another warrant issued for Defendant's violations of supervised release. ECF No. 224. On January 10, 2022, Defendant admitted several of the pending violations and the Court imposed an eight-month sentence, to be followed by 44 months of supervised release. ECF Nos. 250, 256. His release date is May 29, 2022. Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (select "Find By Name," and search for "Douglas Hirano") (last visited May 16, 2022). He then filed a Notice of Appeal, pro se. ECF No. 252.

Defendant initially sought compassionate release from the Warden at FDC Honolulu on March 23, 2022, and was denied release on April 6, 2022. ECF No. 259-1. Nothing in the record shows that he appealed that decision within the BOP.

Defendant filed the Motion for Compassionate Release on April 11, 2022, and the Government responded on May 2, 2022. ECF Nos. 259, 261. Defendant thereafter filed a Statement of No Opposition. ECF No. 262.

## II.   DISCUSSION

The Court first determines whether it has jurisdiction to address the Motion when an appeal of the most recent judgment for supervised release violations is pending. The Court can raise jurisdiction sua sponte. *See United States v. Montalvo*, 581 F.3d 1147, 1150 (9th Cir. 2009) (citation omitted).

The Ninth Circuit has yet to address the question of whether district courts have jurisdiction to hear compassionate release motions while appeals of sentences are pending. However, a few district courts have concluded that they do not, and the Court is persuaded by their reasoning.

Even though the FSA, Pub. L. No. 115-391, 132 Stat. 5194 (2018), grants district courts jurisdiction to hear compassionate release motions, such courts are divested of jurisdiction when the defendant appeals the sentence "[b]ecause the validity of [a d]efendant's sentence — and therefore the issue of [his] possible release — is in the hands of the Ninth Circuit." *United States v. Velazquez*, No. CR-12-00877-004-PHX-NVW, 2020 WL 5846612, at *2 (D. Ariz. Oct. 1, 2020). *Velazquez* provides a detailed analysis of the issue, and collects cases:

> [C]ourts have found that once a defendant appeals his sentence, a district court is unable to reduce it during the pendency of the appeal, by granting compassionate release or otherwise. *See, e.g.*, *United States v. Vigna*, —— F. Supp. 3d ——, No. S1 16-CR-786-3, 455 F.Supp.3d 68, 2020 WL 1900495, at *3 [(]S.D.N.Y. Apr. 17, 2020[)] (finding "this Court is without authority to rule on [the defendant's] Section 3582(c)(1)(A) application because it would affect an aspect of the case that [is] before [the Court of Appeals]" — the defendant's sentence); *United States v. Walls*, —— F. Supp. 3d ——, CASE NO. 92-CR-80236, 455 F. Supp. 3d 461, 2020 WL 1934963, at *2 (E.D. Mich. Apr. 22, 2020) ("A pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release."); *United States v. Ward*, Case No. 01-40050-01-DDC, 2019 WL 1620439, at *3 (D. Kan. Apr. 16, 2019) ("The court thus cannot enter an order reducing Mr. Ward's sentence while his appeal — collaterally

5

> challenging the basis for his sentence — is pending."); *United States v. Crawford*, CASE NO. CR16-530RBL, 2020 WL 4791265, at *1 (W.D. Wash. Aug. 18, 2020) (concluding "this Court lacks jurisdiction" over the defendant's § 3582(c) motion because the defendant "currently has an appeal pending before the Ninth Circuit challenging the sentence").

*Id.*

The Court can easily imagine a scenario where it renders a decision on the Motion in a fashion that either moots the appeal or creates a conflict with whatever decision the Ninth Circuit renders on the appeal, and so it is logical that the Court lost jurisdiction over this case once Hirano appealed its sentence.

The one scenario where the Court could issue a decision on the Motion that would not risk inconsistency with the Ninth Circuit is if it were to deny the Motion. In that regard, Federal Rule of Criminal Procedure 37(a) allows the Court a few avenues to address the Motion, including denial:

> **Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a).

Rule 37(a) applies to compassionate release motions. *See United States v. Furaha*, 445 F. Supp. 3d 99, 102 (N.D. Cal. 2020) ("The advisory committee notes

6

to both Rule 37 and Rule 12.1 explicitly list 'motions under 18 U.S.C. § 3582(c)' as one of three types of motions for which the committee 'anticipates' the rule 'will be used primarily if not exclusively.'" (citing Fed. R. Crim. P. 37 advisory committee's note to 2012 adoption; Fed. R. App. P. 12.1 advisory committee's note to 2009 adoption)).  This makes sense because denying a compassionate release motion would not affect the sentence, and so would not affect the substance of the appeal.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (citations omitted)).

Having considered the Motion, the Court denies it.  The plain language of Section 3582(c)(1)(A) requires a defendant to exhaust administrative remedies before filing a motion for compassionate release:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant *has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf* or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

18 U.S.C § 3582(c)(1)(A) (emphasis added).  Indeed, the Ninth Circuit has held that this "administrative exhaustion requirement is mandatory and must be

7

enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

Here, the Government properly raised the exhaustion requirement, pointing to Hirano's failure to appeal the warden's denial of his compassionate release request. *See* ECF No. 261 at 3. And the language of the statute plainly indicates that, under the circumstances here, the "administrative right[] to appeal" must be exhausted. As such, the Court is unable to evaluate the merits of Hirano's compassionate release request and denies the Motion for failure to exhaust administrative remedies as required by 18 U.S.C § 3582(c).

### III. CONCLUSION

For the foregoing reasons, Hirano's Motion for Compassionate Release, ECF No. 259, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, May 16, 2022.



Jill A. Otake
United States District Judge

*United States v. Hirano*, Crim. No. 99-00465 JAO, Order Denying Defendant's Motion for Compassionate Release